**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-31406
Summary Calendar

_____

PATRICIA A. CADE,

Plaintiff-Appellant,

VERSUS

WILLIAM HENDERSON, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-740-E)
_____

October 6, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Patricia Cade appeals the district court's dismissal of her complaint challenging her adverse personnel action by the USPS for lack of subject matter jurisdiction.  The court also denied Cade's request for a new trial and transferred her request for judicial review of the Merit Systems Protection Board's (MSPB) order to the Federal Circuit.

On appeal, Cade makes two arguments.  First, she asserts that the district court had subject matter jurisdiction over her demotion by the USPS because she presented a "mixed case" to the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

MSPB by arguing that the demotion was discriminatory. Second, she argues that the district court had subject matter jurisdiction over her other claims of sexual harassment and retaliation because the EEOC never decided her appeal and therefore her administrative remedies are considered exhausted.

The district court found that Cade's complaint seeking review of the MSPB's decision was not a "mixed case" because she failed to assert any discrimination claims with the MSPB at any stage of the proceedings. Our review of the record confirms that Cade failed to allege any discrimination on the form used to appeal her adverse personnel action to the MSPB. She left blank Question #23 which specifically asked whether she claimed that the matter appealed involved discrimination. Also, her own Statement of Facts and Issues to the MSPB Administrative Judge lacked any allegations of discrimination.

We also agree with the district court that if Cade intended to assert a separate Title VII claim (apart from her request for review of the MSPB decision), the court lacked subject matter jurisdiction because she failed to show that she exhausted her administrative remedies, as required by Title VII. The EEOC dismissed Cade's complaint (filed in September 1996) because she had already appealed her demotion to the MSPB. Under 29 C.F.R § 1614.302(b) (1998) when an employee files both an EEO complaint and an MSPB appeal on the same matter, "whichever is filed first shall be considered an election to proceed in that forum." Because Cade filed her MSPB appeal first, the EEOC correctly dismissed her complaint under 29 C.F.R § 1614.107(d) (1998).

2

For the reasons given by the district court in its September 23, 1998 ruling and for these additional reasons, we affirm.

AFFIRMED.